## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**KEVIN DICKINSON and TROY SHAW**,

    Plaintiffs,

v.                                          **CIVIL NO. 06-0931 MCA/DJS**

**CANTEEN CORRECTIONAL SERVICES, INC.,
BOB CRAWFORD, GEORGE HEATH, HARRY
TIPTON, RON TORRES, FRANK VALDEZ, DOUG
ROBINSON, LARRY COOK, CORRECTIONAL
MEDICAL SERVICES, INC., and WILLIAM
SHANNON,**

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court upon Plaintiffs' Motion for Temporary Restraining Order to be Converted to Preliminary Injunction filed September 29, 2006 (Docket No. 4). Plaintiffs seek an order compelling Defendants to permit them access to a law library, to provide them with an opportunity to confer, and to provide them with legal and hygiene supplies as well as prohibiting retaliation against Plaintiffs for bringing this action.

    A request for a temporary restraining order or preliminary injunction requires Plaintiffs to show that four conditions are met: (1) irreparable harm to them if the injunction is not granted; (2) a substantial likelihood that they will prevail on the merits; (3) threatened injury to them outweighs possible harm to the opposing party if the injunction is granted; and (4) that the injunction would

1

not be contrary to the public interest. ACLU v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999). A preliminary injunction is an extraordinary remedy and requires that the right to relief must be clear and unequivocal. Kikumura v. Hurley, 242 F.3d. 950, 955 (10th Cir. 2001) (citation omitted). A heightened burden applies to preliminary injunctions which 1) disturb the status quo, 2) are mandatory, rather than prohibitory, or 3) provide the movant substantially all the relief he may recover after a full trial on the merits. Id. That heightened burden requires a movant to demonstrate that the four requirements for a preliminary injunction are met and that they weigh heavily and compellingly in his favor. Id.. The Court concludes that the heightened burden applies in this case, as Plaintiffs seek to compel action by Defendants and because granting the motion would cause them to obtain substantially all the relief they could recover after a trial on the merits, apart from damages.

With regard to irreparable harm, Plaintiffs allege that are not being provided the same opportunity to conduct legal research and the same materials with which to pursue legal actions that other prisoners are given. They also assert that they have been beaten and/or subjected to pepper spray in retaliation for bringing this action, as well as Plaintiff Dickinson being placed in solitary confinement. "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." See Tri-State Generation & Transmission Assoc., Inc., v. Shoshone River Power, Inc., 874 F.2d 1346, 1354 (10th Cir.1989). However, "[w]hen an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." Kikumura, 242 F.3d at 963 (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed.1995)). Given the constitutional basis of Plaintiffs' claims of retaliation, denial of legal access, and interference with practice of religion, no further showing of a irreparable

harm is required under Kikumura, *supra*.

Plaintiffs repeat their allegations in an attempt to meet the burden of showing a substantial likelihood that they will prevail upon the merits. However, given the heightened burden which applies to the request for a preliminary injunction, the Court finds that Plaintiffs have not shown a clear likelihood that they will prevail upon the merits of their claims. In addition, Plaintiff have not addressed the exhaustion of their administrative remedies pursuant to 42 U.S.C. §1997e(a) beyond a brief statement that they have presented each of their claims in a grievance upon at least one occasion. However, a prisoner must either attach copies of administrative proceedings or describe the disposition of those proceedings with specificity, rather than make a blanket statement he has exhausted his remedies, in order to satisfy the exhaustion requirement. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).[1] This omission standing alone poses a substantial obstacle to Plaintiffs' likelihood of prevailing in this action.

The Court cannot conclude that the potential injury underlying some claims, such as the claim of an increase in body fat due to a diet too high in fats and carbohydrates, outweighs the harm in the requested relief of the Court overseeing Defendants day-to-day operation of their facility. However, Plaintiffs' more serious allegations, including denial of medicine, pose the potential for greater injury which outweighs any possible harm to Defendants from providing Plaintiffs with proper medical care. Consequently, Plaintiffs meet their burden with respect to this prong of their motion. Lastly, with respect to the final prong, the Court does not conclude that the requested injunction would be contrary to the public interest.

---

[1] The Court recognizes that Steele was abrogated in part by Jones v. Bock, 127 S. Ct. 910 (2007); however, the case at bar is distinguishable from Jones because here Defendants have filed responsive pleadings raising exhaustion of administrative remedies as an affirmative defense.

"If the party seeking the preliminary injunction can establish the last three factors ... then the first factor becomes less strict--i.e., instead of showing a substantial likelihood of success, the party need only prove that there are 'questions going to the merits ... so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.' " Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1246-1247 (10th Cir.2001) (quotation omitted). However, in this action the likelihood of Plaintiffs succeeding on the merits, especially given the substantial deficiency regarding their allegations pertaining to the exhaustion of administrative remedies, is so slender and rests upon such unsupported and general allegations that the first factor still weighs too heavily against granting the broad and mandatory injunction sought by Plaintiffs. Consequently, the motion should be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Temporary Restraining Order to be Converted to Preliminary Injunction filed September 29, 2006 is denied.

**SO ORDERED** this 26th day of September, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED  STATES  DISTRICT  JUDGE**