UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**KEVIN DICKINSON and TROY SHAW**,

    Plaintiffs,

v.                                                                                          CIVIL NO. 06-0931 MCA/DJS

**CANTEEN CORRECTIONAL SERVICES, INC.,
BOB CRAWFORD, GEORGE HEATH, HARRY
TIPTON, RON TORRES, FRANK VALDEZ, DOUG
ROBINSON, LARRY COOK, CORRECTIONAL
MEDICAL SERVICES, INC., and WILLIAM
SHANNON,**

    Defendants.


## ORDER

    **THIS MATTER** is before the Court upon Plaintiff Troy Shaw's Motion for Preliminary Injunction filed September 10, 2007 (Docket No. 58). Plaintiff seeks an order compelling Defendants to provide him with a "medical diet" as well as monetary damages.[1]

    A request for a temporary restraining order or preliminary injunction requires Plaintiff to show that four conditions are met: (1) irreparable harm to him if the motion is not granted; (2) a substantial likelihood that he will prevail on the merits; (3) threatened injury to him outweighs

---

[1] Defendants filed responses to the instant motion (Docket Nos. 62, 63) arguing in part that the motion is moot due to Plaintiff Shaw's release from the Bernalillo County Metropolitan Detention Center ("BCMDC"). However, Defendant Shaw was re-booked into BCMDC and disputes regarding the adequacy of his diet are ongoing. See Docket Nos. 99, 138, 152.

1

possible harm to the opposing party if the injunction is granted; and (4) that the injunction would not be contrary to the public interest. ACLU v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999). If issuance of a temporary restraining order would alter the status quo, the Court must employ a heightened standard and find that the four factors weigh heavily and compellingly in favor of granting the motion. Winnebago Tribe of Nebraska v. Stovall, 205 F.Supp.2d 1217, 1221 (D.Kan. 2002) aff'd 341 F.3d 1202 (10th Cir. 2003).

     Plaintiff Shaw contends that on September 5, 2007, he was not fed lunch or dinner after he declined the initial servings of each of those meals due to the foods offered being incompatible with his suffering Crohn's Disease. Plaintiff contends that he has missed approximately thirty meals during his time in the Bernalillo County Metropolitan Detention Center. He also asserts that jail trustees serving food often steal that food off of his and other prisoners' trays. Plaintiff Shaw requests that the Court enter an order requiring Defendants to feed him three meals a day, to award him $100,000.00 in damages and $100,000.00 in punitive damages against both Defendants Canteen Correctional Service and Bernalillo County Metropolitan Detention Center or Ron Torres, to order the Metropolitan Detention Center to feed prisoners itself, rather than contract food services or allow other prisoners to serve food, and to order Defendants Bernalillo County Metropolitan Detention Center and Ron Torres to show cause why they violated the stipulated settlement agreement in another civil action.

     "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." See Tri-State Generation & Transmission Assoc., Inc., v. Shoshone River Power, Inc., 874 F.2d 1346, 1354 (10th Cir.1989) (addressing a motion for preliminary injunction). However, "[w]hen an alleged constitutional right is involved, most courts hold that no further showing of

irreparable injury is necessary." Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001) (citing 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed.1995)). Given that Plaintiff Shaw has alleged a constitutional deprivation the Court will not require a further showing of irreparable injury.

Plaintiff has not shown a substantial likelihood that he will prevail upon the merits with respect to the allegations in this motion. A prisoner is entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Ramos v. Lamm, 639 F.2d 559, 570 (10th Cir.1980). Plaintiff's assertion that the food served to him on September 5, 2007, for lunch was not correct under his dietary requirements and that the food served him for dinner was incompatible with Crohn's Disease. In order to prevail in a challenge to prison conditions, an inmate is required to "show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." Despain v. Uphoff, 264 F.3d 965, 973-974 (10th Cir.2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Plaintiff Shaw's assertions that he missed two meals on September 5, 2007, and that he has missed approximately thirty meals since the initiation of this action (a period of one year at the time the motion was filed) do not raise to the level of a condition posing a substantial risk of serious harm, particularly given Plaintiff Shaw's rejection of the entire meals, rather than merely those portions incompatible with the requirements of his medical condition. Further, Shaw's general allegations that prisoners serving meals steal some portions of those meals are inadequate to raise a constitutional claim. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) ( "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.").

Neither Plaintiff nor Defendants address whether the threatened injury to Shaw outweighs the harm to Defendants if the injunction is granted. However, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). With respect to the final prong of the analysis, the Court concludes that the requested injunction would not be contrary to the public interest.

"If the party seeking the preliminary injunction can establish the last three factors ... then the first factor becomes less strict--i.e., instead of showing a substantial likelihood of success, the party need only prove that there are 'questions going to the merits ... so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.' " Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1246-1247 (10th Cir.2001) (quotation omitted). In this case, the factual allegations supporting the motion for temporary restraining order does not present a substantial issue making the issue ripe for litigation and the small likelihood of success on these allegations outweighs the other factors. Accordingly, the motion should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff Troy Shaw's Motion for Preliminary Injunction filed September 10, 2007 (Docket No. 58) is denied.

**SO ORDERED** this 24th day of September, 2008.

_____
**M. CHRISTINA ARMIJO**
United States District Judge