UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEVIN DICKINSON and TROY SHAW**,

    Plaintiffs,

v.                                 **CIVIL NO. 06-0931 MCA/DJS**

**CANTEEN CORRECTIONAL SERVICES, INC.,
BOB CRAWFORD, GEORGE HEATH, HARRY
TIPTON, RON TORRES, FRANK VALDEZ, DOUG
ROBINSON, LARRY COOK, CORRECTIONAL
MEDICAL SERVICES, INC., and WILLIAM
SHANNON,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendants Canteen Correctional Services, Bob Crawford, and George Heath ("Canteen Defendants'") Motion for Summary Judgment filed January 25, 2008 (Docket No. 113)[1] and Plaintiff Kevin Dickinson's "Response to Defendants Canteen's, Heath's, and Crawford's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment" (Docket No. 128).

## I. BACKGROUND

Plaintiffs Troy Shaw and Kevin Dickinson were incarcerated in the Bernalillo County

---

[1] The Court notes that the proper Defendant is Compass Group USA, Inc. d/b/a Canteen Correctional Services, improperly identified in the complaint as Canteen Correctional Services, Inc.. For the sake of clarity the Court will refer to "Canteen Correctional Services" and the "Canteen Defendants".

Metropolitan Detention Center (BCMDC) at the time they filed their amended complaint. Review of the Court's docket indicates that Plaintiff Dickinson is currently incarcerated in the Central New Mexico Correctional Facility and that Plaintiff Shaw is being held at BCMDC, although he was released for a short time. Plaintiffs bring various claims against the Defendants in this action, asserting violations of the Sherman Anti Trust Act, 15 U.S.C. §§1 *et seq.*, the Racketeering Act, 18 U.S.C. §§1961-68 *et seq.*, Federal Medicaid Laws and regulations, 42 U.S.C. §1396a, the Religious Freedom Restoration Act, 42 U.S.C. §2000bb-1(b), the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §2000cc-1, The New Mexico Tort Claims Act, NMSA1978 §§41-4-1 *et seq.*, and the New Mexico Religious Freedom Restoration Act, NMSA 1978 §§28-22-1 *et seq.*. In addition, Plaintiffs seek relief pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985, alleging denial of their civil rights and violation of their rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution. Amended Complaint (Docket No. 8), p. 1.

Plaintiffs allege that Defendant Canteen Correctional Services is engaged in the business of providing on-site food, commissary, and laundry services for the prisoner population at BCMDC pursuant to a contract with Bernalillo County. Amended Complaint, ¶11. They further allege that Defendant Bob Crawford is an employee of Defendant Canteen working as a food service supervisor in charge of the day-to-day operation of the food service division for the prisoners at BCMDC. Amended Complaint, ¶12. Plaintiffs alleged that Defendant George Heath is employed by Defendant Canteen as a shift supervisor for the food service division for the prisoners at BCMDC. Amended Complaint, ¶13.

The gravamen of Plaintiffs' complaint as it applies to the Canteen Defendants centers upon their claim that Defendants have refused to provide adequate meals consistent with Plaintiffs' religious and medical requirements. Amended Complaint, ¶23. Plaintiffs further allege that

Defendants have created and exploited a monopoly on food to engage in price-gouging. Id. Plaintiffs seek monetary, declaratory, and injunctive relief. Id.

More specifically, Plaintiff Dickinson alleges that his right to a vegetarian diet, required by his Sikh faith, has been violated and that the food provided to him was designed to be high in fat and starch and served at times designed to cause loss of muscle and increased body fat. Amended Complaint, ¶¶25, 27. Plaintiff Dickinson asserts that the Canteen Defendants do not have or use a menu for vegetarian diets at BCMDC, that they regularly provided him with meals containing meat or meat by-products, and that the meals he received were not qualitatively or quantitatively comparable to those provided other prisoners at the facility. Amended Complaint, ¶¶35, 37, 38. Further, Dickinson asserts that Defendant George Heath refused to correct defects in Dickinson's meals after being informed of problems with them by guards and has retaliated against Dickinson for naming him in the instant action by ensuring the Dickinson's meals either contain meat or that they do not contain a meat substitute, causing Dickinson to miss meals. Amended Complaint, ¶39. Plaintiff Dickinson asserts that Defendant Canteen Correctional Services and Defendant Bob Crawford are aware of the deficiencies in his diet but refused to take corrective action, resulting in Dickinson becoming violently ill, gaining unwanted body fat, losing muscle tone, going hungry and suffering pain and mental anguish. Amended Complaint, ¶¶40, 41.

Plaintiff Troy Shaw reiterates the claim that the food provided to him was designed to be high in fat and starch and served at times designed to cause loss of muscle and increased body fat. Amended Complaint, ¶50. Plaintiff Shaw further alleges that he suffers from Crohn's Disease, which prevents the normal absorption of nutrients and causes vomiting and severe diarrhea. Shaw asserts that the disease can be managed with a proper diet, which includes avoiding dairy products, beans and legumes, cereals, whole grain or wheat products, and spices and taking a liquid diet supplement

to ensure adequate nutrition. Amended Complaint, ¶51. Plaintiff Shaw asserts that he has a medical diet order from Defendant BCMDC which is on file with Defendant Canteen Correctional Services, and that Defendants Crawford and Heath as well as other Canteen employees regularly fail to provide food consistent with the restrictions on that diet, causing him to suffer illness, internal bleeding, pain, discomfort, and severe mental anguish. Amended Complaint, ¶¶52, 53.

The Canteen Defendants contend that the Amended Complaint does not Comply with Fed.R.Civ.P. 8, that Plaintiffs' request for compensatory damages is barred by 42 U.S.C. §1997e(e), that any request by Plaintiffs for injunctive relief against them is misguided and moot, that Plaintiffs' constitutional rights have not been infringed, that punitive damages are not warranted, that they did not impose a significant burden upon Plaintiff Dickinson's religious exercise in violation of RLUIPA, and that they are entitled to qualified immunity.

## II. STANDARD OF LAW

Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56(e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988,

990 (10th Cir.1996). Mere allegations, without more, are insufficient to avoid summary judgment. Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th Cir.1997).

In determining whether summary judgment is appropriate, the Court will not weigh the evidence and determine the truth but rather determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. However, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

Because Plaintiffs are proceeding *pro se*, this Court must review their pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). This rule means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiffs can prevail, it should do so despite their failure to cite proper legal authority, their confusion of various legal theories, or their unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Nonetheless, the Court will not assume the role of advocate for *pro se* litigants. Id.

### III. ANALYSIS

#### A. Defendants Crawford and Heath

Defendants raise the defense of qualified immunity. Qualified immunity is an affirmative defense, Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982), which allows a government official to invoke "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (internal citations omitted). In resolving qualified immunity cases, courts first consider whether plaintiffs allege a deprivation of an actual constitutional right and, if so, whether the plaintiffs have shown that the right was clearly established at the time of the alleged violation. See Conn v. Gabbert, 526 U.S. 286, 290 (1999). To determine whether a right is "clearly

established",  the Court assesses the objective legal reasonableness of Defendants' actions at the time of the alleged violation and asks whether the "the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right. " Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1186 (10th Cir.2001) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

The  analysis described above can only proceed after the Court determines that a defendant is entitled to assert qualified immunity in the first instance. Weise v. Casper, 507 F.3d 1260, 1264 (10th Cir. 2007). Defendant Canteen Correctional Services is a private entity and Defendants Crawford and Heath its employees. While the Supreme Court has held that a private doctor under contract to provide medical care to inmates at a state prison acted under color of state law and was therefore subject to suit under §1983, West v. Atkins, 487 U.S. 42,  56 (1988), it has also found that qualified immunity was not available to prison guards who worked for a private, for profit corporation that was under contract with the state to manage a prison. Richardson v. McKnight, 521 U.S. 399 (1997). Private individuals are entitled to assert qualified immunity only when they are performing a function closely supervised by the government, Rosewood Services, Inc. V. Sunflower Diversified Services, Inc., 413 F.3d 1163, 1167 (10th Cir. 2005) or if the claim of qualified immunity is supported by historical practice. Richardson, 521 U.S. at 412, 413.

In this case, Defendants Canteen, Crawford, and Heath have shown that they are performing a function closely supervised by the government. The Canteen Defendants provided affidavits showing that the BCMDC establishes the general specifications for the menus for all meals they serve at the facility. Statement of Facts Supporting Canteen Defendants' Motion for Summary Judgment (Docket No. 115), ¶3. Further, the facility specifies the meal times and the type of food and beverages to be served, including substitutions for medically or religiously prescribed diets. Id.

6

The BCMDC medical and religious staff prescribe any special diets of those sorts, and the Canteen Defendants are not authorized to prescribe such. Id. at ¶5. Canteen Correctional Services does not serve BCMDC prisoners the meals it provides. Id. at ¶6. Although meals and special diet meals are inspected by a Canteen Correctional Services employee, they are also inspected and approved by a BCMDC officer. Id. at 9. Given the control exercised by BCMDC over the type of meals served, the time meals are served, the contents of the meals, and the final inspection of the meals by a BCMDC employee, the Canteen Defendants' function as it applies to the allegations in this case entitles them to seek qualified immunity. Cf. Richardson, 521 U.S. at 413 (Case arose in the context where "a private firm, systematically organized to assume a major lengthy task (managing an institution) with limited direct supervision by the government, undertakes that task for profit and potentially in competition with other firms.").

    Having determined that the Canteen Defendants could fall under the protection of qualified immunity, the Court turns to the question of whether Plaintiffs allege a deprivation of an actual constitutional right. The Court concludes that their allegations with respect to their diets would, if proven, state a deprivation of such a right. As to Plaintiff Dickinson, the Free Exercise Clause of the First Amendment of the Constitution mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), subject to prison restrictions rationally related to legitimate penological interests. O'Lone, 482 U.S. at 349. Further, the Free Exercise Clause means that prisoners have a constitutional right to a diet conforming to their religious beliefs. Beerheide v. Suthers, 286 F.3d 1179, 1185 (10th Cir. 2002). Dickinson alleges that he follows the Sikh religion and has been placed on a vegetarian diet, but that Defendants have not provided him with meat-free meals. These allegations, if true, could show a constitutional violation.

With respect to Plaintiff Shaw, an Eighth Amendment claim can be made for acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976)."A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999). Failure to provide a medically prescribed diet has been held to meet the standard for stating a serious medical need. Ayers v. Uphoff, 1 Fed.Appx 851, 855, 2001 WL 15543 (10th Cir. 2001)(unpublished disposition)(citing Byrd v. Wilson, 701 F.2d 592, 594-95 (6th Cir.1983)); also see Woulard v. Food Service, 294 F.Supp.2d 596, 603-4 (D.Del. 2003) (Alleged failure to provide medically prescribed diet for diabetes and Crohn's disease states a serious medical need). Plaintiff Shaw has been placed on a diet designed for prisoners suffering from Crohn's disease but alleges that the Canteen Defendants have failed to provide food consistent with that diet, which is sufficient to state a claim for the denial of a constitutional right.

In addition to alleging the deprivation of actual constitutional rights, the Court concludes, based upon the authority cited above, that the law with respect to those rights was clearly established at the time of the events giving rise to this action. See Currier v. Doran, 242 F.3d 905, 923 (10th Cir. 2001)(In order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or clearly established weight of authority from other courts; it is not necessary, however, for plaintiffs to find a case with exact corresponding factual circumstances).

Although Plaintiffs have raised allegations of clearly established constitutional rights, Defendants Crawford and Heath are entitled to summary judgment and dismissal from this action because Plaintiffs have failed to show that the alleged constitutional violations are based upon these Defendants' actions. See Woodward v. City of Worland, 977 F.2d 1392, 1396-97 (10th

Cir.1992)(Plaintiffs have the burden to establish both that the facts or allegations are sufficient to show a constitutional violation and that the law was clearly established when the alleged violation occurred) . Personal participation is an essential element of a §1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). To establish supervisory liability under §1983, Plaintiffs must prove that Defendants personally directed or acquiesced in the alleged failures of the kitchen staff or guards to provide him with the appropriate food items. See Serna v. Colorado Dept. Of Corr., 455 F.3d 1146, (10th Cir. 2006)(Supervisory liability must be based upon active unconstitutional behavior and more than a mere right to control employees); Woodward, 977 F.2d at 1399 (§1983 liability must be predicated upon deliberate deprivation of constitutional rights and failure of supervisor to know of conduct which he should have been aware of establishes only negligence). Plaintiffs have not met that burden.

In response to the Canteen Defendants' Motion for Summary Judgment, Defendant Dickinson submitted his "Response to Defendants Canteen's, Heath's, and Crawford's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment" (Docket No. 128) (hereinafter "Dickinson's Response and Cross-Motion"). In that pleading, Dickinson asserts that Defendant Crawford refused to provide him with a copy of the menu used to prepare his vegetarian meals. Dickinson's Response and Cross-Motion, Docket No. 128, p. 1. Dickinson further asserts that he asked Defendants Crawford and Heath if a dietician or nutritionist would be evaluating his diet and was told by them that there was no dietician. Id. at p. 3. He also contends that Defendants Crawford and Heath told him that items prepared with beef base and gelatin were not considered meat and were appropriate to serve in vegetarian meals, Id. at p. 4, and that he told them that for him to eat animal parts would endanger his mortal soul. Id. at p. 5.

"Liability of a supervisor under §1983 must be predicated on the supervisor's deliberate

indifference." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). Deliberate indifference requires that the supervisor be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that he draws that inference. Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir.2003). Defendants have provided evidence that Defendants Crawford and Heath were not personally involved with the actual preparation and distribution of prisoner meals. Affidavit re Motion for Summary Judgment (Docket No. 114), Exhibit A, Affidavit of Rod Caldwell, ¶4. Taking Plaintiff Dickinson's assertion that Defendants Crawford and Heath told him that items containing beef base or gelatin were appropriate for a vegetarian diet as true, there is no evidence that those individuals were responsible for making that determination or for directing that foods containing beef base or a meat-based gelatin be provided to Plaintiff Dickinson, let alone that they could change it. Defendants have provided uncontested facts showing that BCMDC specifies the meal times and the type of food and beverages to be served. Statement of Facts Supporting Canteen Defendants' Motion for Summary Judgment (Docket No. 115), ¶3. Accordingly, Plaintiff Dickinson has failed to show personal participation by Defendants Crawford and Heath in the constitutional violations he alleges.

Plaintiff Troy Shaw also filed a response to Defendants' summary judgment motion. (Docket No. 140). In it, he requests that the Court consider Plaintiff Dickinson's arguments and representations on behalf of his own claims, which the Court cannot do. See 28 U.S.C. §1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Mann v. Boatright, 447 F.3d 1140, 1150 (10th Cir. 2007) (*Pro se* adult child not permitted to assert constitutional claims on behalf of incapacitated father). Even if the Court could accommodate Shaw's request, Plaintiff Dickinson's response and cross-motion is not germane to Shaw's claims. In his response Plaintiff Shaw, too, fails to provide any evidence of Defendants Crawford or Heath's

personal involvement in providing him inappropriate foods. Docket No. 140, p. 2. Because neither Plaintiff Dickinson or Shaw have shown any facts from which the Court could infer the personal involvement of Defendant Crawford or Defendant Heath, those Defendants are entitled to qualified immunity. While the defense of qualified immunity is limited to claims for money damages and does not apply to claims for equitable relief, Hammons v. Saffle, 348 F.3d 1250, 1257 n. 1 (10th Cir.2003), no such claims are directed against Defendants Crawford and Heath and they should be dismissed from this action.

### B. Defendant Canteen Correctional Services

Defendant Canteen Correctional Services asserts that it is entitled to summary judgment in its favor because *respondeat superior* liability cannot be the basis for a claim pursuant to 42 U.S.C. §1983. As an exhibit to his response and cross motion, Plaintiff Dickinson submitted an affidavit of William J. Seay, who states that he was a prisoner at the BCMDC who worked in the kitchen during time periods relevant to the complaint and personally prepared meals to be served to Plaintiff Dickinson. Dickinson's Response and Cross-Motion, Docket No. 128, Exhibit A, p. 1.[2] The affidavit refers extensively to Rod Caldwell, a Canteen Correctional Services employee and supervisor, and "other Canteen supervisors". Id., Exhibit A. In his response to the Motion for Summary Judgment, Defendant Shaw states "Canteen Correctional Services doesn't provide my diet. They can thank Rod Caldwell for refusing to provide me with my Medically Prescribed Diet ordered on 6-3-2008 that he and Matt Elwell have refused to honor."Docket No. 140, p. 2. Defendant Canteen Correctional Services is correct that these allegations are insufficient to state a claim against it.

---

[2]Defendants deny that Seay either worked in the kitchen during relevant times or prepared meals for Plaintiff Dickinson, submitting an affidavit indicating that Seay worked in the kitchen bakery and warehouse from May 24 to July 31, 2007. Supplemental Affidavit of Rod Caldwell, Docket No. 155.

Defendant is correct that private entities acting under color of state law cannot be held liable pursuant §1983 under a theory of *respondeat superior*. Dubbs v. Head Start, Inc., 336 F.3d 1194, 1217 (10th Cir. 2003). As such, a private actor such as Defendant Canteen Correctional Services cannot be held liable solely because it employs a tortfeasor. Smedley v. Corrections Corp. of America, 175 Fed.Appx. 943, 946 (10th Cir. Dec. 20, 2005)(unpublished) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)). In order to hold Defendant Canteen Correctional Services liable, Plaintiffs must show that it directly caused the alleged constitutional violations by instituting a policy of some nature that was the moving force behind the violations. Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-85 (1986); City of Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985)). Plaintiffs' pleadings do not meet this burden. At most, they demonstrate bad acts by two of Canteen Correctional Services' employees. Accordingly, Defendant Canteen Correctional Services is entitled to judgment in its favor.

**C. Plaintiff Dickinson's Cross-Motion and other claims**

In their complaint, Plaintiffs Dickinson and Shaw list a variety of statutes which they allege provide bases for Defendants liability. However, they argue none of these claims in response to the motion for summary judgment and the Court cannot fairly construe their factual assertions as supporting legitimate claims under those laws. Mere citation to the Sherman Anti Trust Act, the Racketeering Act, Medicaid laws and regulations, the Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Persons Act of 2000, the New Mexico Tort Claims Act, and the New Mexico Religious Freedom Restoration Act without more is insufficient to state claims under those statutes even if they might apply to the Canteen Defendants. As previously noted the Court will not assume the role of advocate for *pro se* litigants. Hall, 935 F.2d at 1110. Similarly, Plaintiff Dickinson's Cross-Motion for Partial Summary Judgment must be denied. Plaintiff

Dickinson has not shown that he is entitled to judgment as a matter of law but rather asserts that his factual allegations in the pleading and the affidavit he submitted in support of it show that he is entitled to judgment in his favor, which they do not.

**IT IS THEREFORE ORDERED** that Defendants Canteen Correctional Services, Bob Crawford, and George Heath's Motion for Summary Judgment filed January 25, 2008 (Docket No. 113) is **granted** and Plaintiff Kevin Dickinson's "Response to Defendants Canteen's, Heath's, and Crawford's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment" is **denied**. All claims against Defendants Compass Group USA, Inc. d/b/a Canteen Correctional Services, Bob Crawford, and George Heath are hereby dismissed.

**SO ORDERED** this 26th day of September, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge